IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

DEBRA L. CAMPBELL;
GARY D. CAMPBELL,

     Defendants.

No. 2:11-cv-2826-MCE-EFB

<u>ORDER</u>

On July 18, 2012, plaintiff filed a motion to compel defendants to provide their initial disclosures, as required by Federal Rule of Civil Procedure 26(a), and to respond to plaintiff's April 27, 2012 interrogatories and requests for production of documents, as well as a request for sanctions. Dckt. No. 18. The motion was noticed for hearing on August 22, 2012. *Id.*

Because defendants have completely failed to respond to plaintiff's discovery requests and requests that they provide their initial disclosures, Eastern District of California Local Rule 251(e) applies. *See* E.D. Cal. L.R. 251(e) (providing that the requirement that the parties file a Joint Statement re Discovery Disagreement does not apply "when there has been a complete and total failure to respond to a discovery request or order"). Under Local Rule 251(e), a responding party must file a response to the discovery motion at issue no later than seven days before the hearing date, or in this instance, by August 15, 2012.

The deadline has passed and defendants have not filed any response to plaintiff's motion. Therefore, defendants will not be entitled to be heard on the motion, and the hearing on the motion will be vacated.

Federal Rule of Civil Procedure ("Rule") 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Plaintiff's motion asserts that defendants still have not served plaintiff with their initial disclosures, even though the deadline for defendants to do so has long since expired, *see* Fed. R. Civ. P. 26(a)(1)(C), and even though plaintiff's counsel has since requested the disclosures from defendants' counsel on numerous occasions. Kukso Decl., Dckt. No. 18-1, ¶¶ 3-10, Exs. 2-5. Nor have defendants provided any valid excuse for the failure to do so since they failed to respond to the motion to compel. Accordingly, defendants will be ordered to provide plaintiff with their initial disclosures within fourteen days.

In addition to defendants' outstanding initial disclosures, plaintiff's motion provides that defendants have also not responded to four separate discovery requests sent to their counsel on April 27, 2012, despite numerous requests by plaintiff's counsel for those responses: (1) plaintiff's First Set of Requests for Production of Documents directed to defendant Debra Campbell; (2) plaintiff's First Set of Requests for Production of Documents directed to defendant Gary Campbell; (3) plaintiff's First Set of Interrogatories directed to defendant Debra Campbell; and (4) plaintiff's First Set of Interrogatories directed to defendant Gary Campbell. Dckt. No. 18 at 2; *see also* Kukso Decl. ¶¶ 3, 10, Ex. 1. Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if: (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." Here, defendants have not provided any valid excuse for their failure to respond to plaintiff's interrogatories and requests for production of documents. Therefore, defendants will

be ordered to provide plaintiff with responses to those discovery requests within fourteen days.

Plaintiff also requests that defendants be required to pay the expenses of bringing the motion to compel, including reasonable attorney's fees and travel expenses incurred. Dckt. No. 18 at 4. Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion unless the moving party failed to attempt in good faith to obtain the discovery or disclosures without court action, the non-disclosure was substantially justified, or the circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, plaintiff attempted in good faith to obtain both the disclosures and the discovery responses without court action. Defendants have provided no justification for their failure to timely provide their initial disclosures and their failure to timely respond to plaintiff's discovery requests, and the court is aware of no other circumstances that would make an award of expenses unjust. Accordingly, defendants will be ordered to reimburse plaintiff for the reasonable expenses incurred in making the motion to compel.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel defendants to provide their initial disclosures and to respond to plaintiff's April 27, 2012 discovery requests, Dckt. No. 18, is granted, and the August 22, 2012 hearing thereon is vacated.

2. Plaintiff's counsel's request to appear telephonically at the August 22, 2012 hearing, Dckt. No. 19, is denied as moot.

3. Within fourteen days of the date of this order, defendants shall serve plaintiff with their initial disclosures, as required by Federal Rule of Civil Procedure 26(a).

////

---

[1] Although plaintiff also requests that defendants be prohibited from introducing any documents or evidence regarding facts requested in the April 27 discovery requests if responses are not provided within the time set by the court, that relief will not be awarded at this time. Dckt. No. 18 at 4.

3

     4. Also within fourteen days of the date of this order, defendants shall serve plaintiff with responses to (1) plaintiff's First Set of Requests for Production of Documents directed to defendant Debra Campbell; (2) plaintiff's First Set of Requests for Production of Documents directed to defendant Gary Campbell; (3) plaintiff's First Set of Interrogatories directed to defendant Debra Campbell; and (4) plaintiff's First Set of Interrogatories directed to defendant Gary Campbell.

     5. Within seven days of the date of this order, plaintiff shall submit a declaration regarding its reasonable expenses incurred in preparing and filing the motion to compel, along with a proposed order awarding those expenses to plaintiff..

     6. Defendants are admonished that failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions and/or the striking of defendants' answer and entry of their default.  *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2).

     SO ORDERED.

DATED: August 20, 2012.

                                  EDMUND F. BRENNAN  
                                  UNITED STATES MAGISTRATE JUDGE