IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 2:11-cv-2826-MCE-EFB |
| vs. | |
| DEBRA L. CAMPBELL;<br>GARY D. CAMPBELL, | |
| Defendants. | ORDER TO SHOW CAUSE |

On September 25, 2012, plaintiff filed a motion for sanctions and a motion for contempt, and noticed both motions for hearing on October 24, 2012. Dckt. Nos. 23, 24. Plaintiff moves for sanctions against defendants Gary and Debra Campbell pursuant to Federal Rule of Civil Procedure 37 and Local Rule 110 for not complying with this court's August 20 and August 27, 2012 orders requiring defendants to provide their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and requiring defendants to pay $1,656 for that failure. Dckt. No. 23 (citing Dckt. Nos. 20, 22). Plaintiff requests that defendants' answer be stricken and default entered against them, or, in the alterative, that defendants be prohibited from introducing any evidence or witnesses that have not been identified in initial disclosures as was required by the August 20, 2012 order. Dckt. No. 23 at 2. Plaintiff also contends that a monetary penalty should be imposed on defendants and their attorney, including, but not limited to, the expenses of bringing the motion for sanctions. *Id.*

1

Plaintiff also moves the court to order defendants to appear and show cause why they should not be held in contempt of court for their failure to comply with this court's August 27, 2012 order; to order defendants to explain why they failed to comply with the court's August 27, 2012 order; and to adjudge defendants in contempt of court and order appropriate sanctions, including, but not limited to, paying the costs plaintiff incurred in bringing its motion for contempt, daily coercive fines, or coercive confinement.  Dckt. No. 24 at 2-3.

On August 20, 2012, the undersigned issued an order granting plaintiff's motion to compel defendants to provide their initial disclosures and to respond to plaintiff's April 27, 2012 discovery, and ordered defendants to provide plaintiff with those disclosures and that discovery on or before September 3, 2012.  Dckt. No. 20 at 3-4.  The undersigned also granted plaintiff's request for discovery sanctions and directed plaintiff to submit a declaration regarding its reasonable expenses incurred in making the motion to compel.  *Id.* at 4.  The August 20, 2012 order admonished defendants that "failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions and/or the striking of defendants' answer and entry of their default.  *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2)."  *Id.*  Then, on August 27, 2012, after plaintiff filed a declaration regarding its expenses, the undersigned issued an order directing plaintiff to reimburse plaintiff in the total amount of $1,656 withing fourteen days, or by September 10, 2012.  Dckt. No. 22.

Plaintiff's counsel contends that on August 31, 2012, he sent a letter to defendants' counsel, advising him of the deadline to respond to court ordered discovery requests and to make the $1,656 court ordered payment.  Kukso Decl., Dckt. No. 23-1, ¶ 3, Ex. 1; *see also* Dckt. No. 24-2.  On August 31, 2012, plaintiff's counsel received an email from defendants' counsel stating that he was mailing the discovery responses that day.  *Id.* ¶ 4, Ex. 2.  Plaintiff's counsel received an envelope on September 7, 2012 from defense counsel (postmarked August 31, 2012), containing defendants' discovery responses, but not their initial disclosures.  *Id.* ¶ 5.

2

Therefore, plaintiff's counsel emailed defense counsel informing him that the envelope did not contain the initial disclosures. *Id.* ¶ 5, Ex. 3. Plaintiff's counsel then sent a letter to defense counsel on September 10, 2012, once again informing him that the envelope did not contain defendants' initial disclosures, requesting that the initial disclosures be provided immediately, and reminding defense counsel that the court ordered defendants to pay $1,656. *Id.* ¶ 6, Ex. 4. Another letter was sent on September 18, 2012, requesting that the initial disclosures be provided immediately and informing defense counsel that defendants are in violation of the court's August 20 and August 27, 2012 orders. *Id.* ¶ 7, Ex. 5. As of the date plaintiff's counsel filed its motions for sanctions and contempt, September 25, 2012, plaintiff still had not received defendants' initial disclosures or the $1,656 payment. *Id.* ¶¶ 8, 9.

Federal Rule of Civil Procedure 37(b) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including an order "striking pleadings in whole or in part[,] rendering a default judgment against the disobedient party[, and/or] treating as contempt of court the failure to obey any order . . . ." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi), (vii). Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, district courts have the inherent power to enforce their orders through civil contempt. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)

In addition to failing to provide their initial disclosures and to pay the court-ordered sanction of $1,656, court records reflect that defendants have not filed any response to either of plaintiff's motions. Local Rule 251(e) provides that when a party has filed a motion based on a complete and total failure to respond to a discovery request or order, or when the only relief sought by the motion is the imposition of sanctions, the party responding to that motion shall file a response to the motion not later than seven days before the hearing date, or in this instance, by

3

October 17, 2012. Additionally, Local Rule 230(c) provides that opposition to the granting of a non-discovery motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by October 10, 2012. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

In light of defendants' failures, the hearing on the motions will be continued and defendants will be ordered to respond to both motions and to show cause why the motions should not be granted, why their answer should not be stricken and default judgment entered against them, why they should not be held in contempt of court, and why they should not be required to pay additional monetary sanctions. If defendants fail to respond to this order to show cause or fail to respond to plaintiff's motions, the undersigned may recommend that plaintiff's motion(s) be granted, that defendants' answer be stricken and default judgment be entered against them, that they be held in contempt, and/or that defendants be required to pay additional monetary sanctions.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of October 24, 2012 on plaintiff's motion for sanctions and motion for contempt, Dckt. Nos. 23 and 24, is continued to November 14, 2012, at 10:00 a.m., before the undersigned.

2. Defendants shall show cause, in writing, no later than October 31, 2012, why plaintiff's motions should not be granted, why their answer should not be stricken and default judgment entered against them, why they should not be held in contempt of court, and why they should not be required to pay additional monetary sanctions, for the reasons discussed above.

3. Defendants shall file an opposition to each of plaintiff's motions, or a statement of non-opposition thereto, no later than October 31, 2012.

////

4. Failure of defendants to respond to this order to show cause or a failure to file an opposition to either motion will be deemed a statement of non-opposition to that motion, and may result in a recommendation that plaintiff's motion(s) be granted, that defendants' answer be stricken and default judgment be entered against them, that they be held in contempt, and/or that defendants be required to pay additional monetary sanctions.

5. If defendants timely file an opposition to plaintiff's motions, plaintiff may file a reply in support of each motion on or before November 7, 2012.

6. Plaintiff's motion to appear telephonically at the October 24, 2012 hearing, Dckt. No. 25, is denied as moot.

SO ORDERED.

DATED: October 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE