IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,               No. 2:11-cv-2826-MCE-EFB

    vs.

DEBRA L. CAMPBELL;
GARY D. CAMPBELL,

                            <u>ORDER AND</u>

      Defendants.      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

On November 14, 2012, the undersigned heard plaintiff's motion for sanctions, as well as plaintiff's motion for an order to show cause why defendants should not be held in contempt. *See* Dckt. Nos. 23, 24. Attorney Boris Kukso appeared at the hearing on behalf of plaintiff; no appearance was made on behalf of defendants. For the reasons stated on the record at the hearing, as well as for the additional reasons stated herein, the undersigned recommends that plaintiff's motion for sanctions be granted and plaintiff's contempt motion be denied.

<u>BACKGROUND</u>

On August 20, 2012, the court granted plaintiff's motion to compel defendants to provide their initial disclosures and to respond to plaintiff's April 27, 2012 discovery. The court ordered defendants to provide plaintiff with those disclosures and that discovery on or before September 3, 2012. Dckt. No. 20 at 3-4. The court also granted plaintiff's request for discovery sanctions

and directed plaintiff to submit a declaration regarding its reasonable expenses incurred in making the motion to compel. *Id.* at 4. The August 20, 2012 order admonished defendants that "failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions and/or the striking of defendants' answer and entry of their default. *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2)." *Id.* Then, on August 27, 2012, after plaintiff filed a declaration regarding its expenses, the undersigned issued an order directing plaintiff to reimburse plaintiff in the total amount of $1,656 within fourteen days, or by September 10, 2012. Dckt. No. 22.

Plaintiff's counsel sent a letter to defendants' counsel on August 31, 2012, advising him of the deadline to respond to court ordered discovery requests and to make the $1,656 court ordered payment. Kukso Decl., Dckt. No. 23-1, ¶ 3, Ex. 1; *see also* Dckt. No. 24-2. On August 31, 2012, plaintiff's counsel received an email from defendants' counsel stating that he was mailing the discovery responses that day. *Id.* ¶ 4, Ex. 2. Plaintiff's counsel received an envelope on September 7, 2012 from defense counsel (postmarked August 31, 2012), containing defendants' discovery responses, but not their initial disclosures. *Id.* ¶ 5. Therefore, plaintiff's counsel emailed defense counsel informing him that the envelope did not contain the initial disclosures. *Id.* ¶ 5, Ex. 3. Plaintiff's counsel then sent a letter to defense counsel on September 10, 2012, once again informing him that the envelope did not contain defendants' initial disclosures, requesting that the initial disclosures be provided immediately, and reminding defense counsel that the court ordered defendants to pay $1,656. *Id.* ¶ 6, Ex. 4. Another letter was sent on September 18, 2012, requesting that the initial disclosures be provided immediately and informing defense counsel that defendants are in violation of the court's August 20 and August 27, 2012 orders. *Id.* ¶ 7, Ex. 5. Plaintiff still did not receive defendants' initial disclosures or the $1,656 payment; therefore, on September 25, 2012, plaintiff filed its motions for sanctions and contempt. *Id.* ¶¶ 8, 9.

2

Consistent with the pattern noted above, defendants have failed to file any response to either of plaintiff's motions. Therefore, on October 18, 2012, the undersigned continued the hearing on the motions and ordered defendants to respond to both of the motions and to show cause why the motions should not be granted, why their answer should not be stricken and why default judgment should not be entered against them, why they should not be held in contempt of court, and why they should not be required to pay additional monetary sanctions. Dckt. No. 26. The order further provided that "[f]ailure of defendants to respond to this order to show cause or . . . to file an opposition to either motion will be deemed a statement of non-opposition to that motion, and may result in a recommendation that plaintiff's motion(s) be granted, that defendants' answer be stricken and default judgment be entered against them, that they be held in contempt, and/or that defendants be required to pay additional monetary sanctions." *Id.* at 5.

Those warnings have had no effect. Defendants failed to respond to the order to show cause, failed to file a response to the motions, and failed to appear at the November 14 hearing. Very plainly, defendants continue to be in violation of the court's orders.

MOTION FOR SANCTIONS

Plaintiff moves for sanctions against defendants Gary and Debra Campbell pursuant to Federal Rule of Civil Procedure 37 and Local Rule 110 for not complying with this court's August 20 and August 27, 2012 orders requiring defendants to provide their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and requiring defendants to pay $1,656 for that failure. Dckt. No. 23 (citing Dckt. Nos. 20, 22). Plaintiff requests that defendants' answer be stricken and default entered against them, or, in the alterative, that defendants be prohibited from introducing any evidence or witnesses that have not been identified in initial disclosures as was required by the August 20, 2012 order. Dckt. No. 23 at 2. Plaintiff also contends that a monetary penalty should be imposed on defendants and their attorney, including, but not limited to, the expenses of bringing the motion for sanctions. *Id.*

////

Federal Rule of Civil Procedure 37(b) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including an order "striking pleadings in whole or in part[,] rendering a default judgment against the disobedient party[, and/or] treating as contempt of court the failure to obey any order . . . ." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi), (vii).  Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.

The drastic terminating sanction of entry of default judgment against a defendant is "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). This standard is met by "[d]isobedient conduct not shown to be outside the litigant's control." *Id.* As discussed below, it is a standard that is met here.

The Ninth Circuit has developed a five part test to evaluate whether a terminating sanction under Rule 37 is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). The third and fifth factors, prejudice and availability of less drastic sanctions, are the decisive factors. *Id.* The fifth factor, the availability of less drastic sanctions, "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id.* "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Id.*

////

Here, defendants still have not complied with this court's August 2012 orders requiring them to produce their initial disclosures and to pay a monetary sanction for failing to do so. They also still have not responded to plaintiff's motions for sanctions and contempt, and still have not responded to this court's October 2012 order to show cause, despite being warned that a failure to respond could result in the striking of their answers, an entry of default judgment, a finding that defendants are in contempt of court, and/or the imposition of additional monetary sanctions. Then, defendants failed to make any appearance at the November 14 hearing on the motions for sanctions and contempt.

No doubt terminating sanctions are a drastic measure. However, such sanctions are warranted here in light of defendants' numerous failures to fully participate in the discovery process and their repeated failures to comply with court orders and this court's local rules despite strong warnings as to the consequences and the attempt to obtain compliance through monetary sanctions. Less drastic measure have had little effect. With regard to the factors discussed above, the public's interest in expeditious resolution of litigation and the court's need to manage its dockets (factors one and two) favor the imposition of terminating sanctions since defendants are electing to only selectively participate in the action and have chosen to ignore numerous court orders requiring that participation. Additionally, the risk of prejudice to plaintiff (factor three) favors terminating sanctions since plaintiff's prosecution of this action is being hindered by defendants' selective participation in the case. Further, the availability of less drastic sanctions (factor five) also favors terminating sanctions because the undersigned has explicitly discussed and tried imposing monetary sanctions *and* has warned defendants that their failure to respond to the motions and/or to the order to show cause could result in terminating and/or monetary sanctions. However, neither of those less drastic approaches was successful. Instead, defendants elected not to pay the monetary sanctions, elected not to respond to the order to show cause, and elected not to appear at the November 14 hearing. Therefore, the only factor weighing against imposing terminating sanctions is factor four, which considers the public

policy favoring disposition of cases on their merits. That factor is strongly not outweighed by the other factors discussed above. Accordingly, it appears that terminating sanctions against Gary and Debra Campbell are warranted here, as well as monetary sanctions to cover the reasonable expenses incurred by plaintiff in bringing its motion for sanctions and appearing at the November 14 hearing thereon.

CONTEMPT MOTION

Plaintiff also moves the court to order defendants to appear and show cause why they should not be held in contempt of court for their failure to comply with this court's August 27, 2012 order; to order defendants to explain why they failed to comply with the court's August 27, 2012 order; and to adjudge defendants in contempt of court and order appropriate sanctions, including, but not limited to, paying the costs plaintiff incurred in bringing its motion for contempt, daily coercive fines, or coercive confinement. Dckt. No. 24 at 2-3.

In light of the recommendation of both terminating sanctions and additional monetary sanctions, the compulsory powers of civil contempt to compel compliance with the underlying discovery orders is no longer necessary. With an entry of default judgment plaintiff will no longer need the underlying discovery that has to date not been produced. Accordingly, an order to defendants to appear and show cause why they should not be held in contempt is unnecessary at this time.[1] Accordingly, plaintiff's contempt motion will be denied without prejudice.

CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Within seven days of the date of this order, plaintiff's counsel shall submit a declaration regarding the reasonable expenses incurred in bringing the motion for sanctions; and

2. Plaintiff's contempt motion, Dckt. No. 24, is denied.

////

---

[1] Plaintiff's counsel agreed with that assessment at the November 14, 2012 hearing.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for sanctions, Dckt. No. 23, be granted;

2. The answers filed by Gary Campbell and Debra Campbell be stricken;

3. The Clerk be directed to enter default against Gary Campbell and Debra Campbell pursuant to Federal Rule of Civil Procedure 55(a);

4. Defendants Gary Campbell and Debra Campbell be required to reimburse plaintiff's counsel for the reasonable expenses incurred in connection with the motion for sanctions; and

5. Plaintiff be ordered to file a motion for entry of default judgment within 14 days of the clerk's entry of the defendant's default.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE