IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff, No. 2:11-cv-2826-MCE-EFB

vs.

DEBRA L. CAMPBELL; and GARY D. CAMPBELL,

Defendants. FINDINGS AND RECOMMENDATIONS

_________________________________/

On June 26, 2013, the undersigned heard the United States' revised motion for default judgment. Dckt. No. 40; *see also* E.D. Cal. L.R. 302(c)(19), 28 U.S.C. § 636(b)(1). Attorney Boris Kukso appeared at the hearing on behalf of the United States; no appearance was made on behalf of defendants. Nor did defendants file any opposition or statement of non-opposition to the motion, as required by Eastern District of Local Rule 230, despite defendants' counsel being served with the motion via electronic and mail service.[1] *See* E.D. Cal. L.R. 230(c) (providing that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the

[1] At the June 26, 2013 hearing, plaintiff's counsel indicated that defendants' counsel left plaintiff's counsel a voicemail message acknowledging receipt of the default judgment motion and stating that he did not intend to oppose the motion.

noticed hearing date). For the reasons stated on the record at the hearing, as well as for the additional reasons stated herein, the undersigned recommends that the motion for default judgment be granted.

I. FACTUAL ALLEGATIONS

On October 26, 2011, the United States ("the United States" or "plaintiff") filed a complaint to reduce to judgment tax assessments against Gary D. Campbell and Debra L. Campbell ("defendants") for outstanding individual federal income tax liabilities for tax years 1995, 1996, 1997, 1998, 1999, and 2006; and to foreclose federal tax liens upon the real property located at 10774 Heather Rd., Truckee, CA (hereinafter "the Heather Property").[2] Compl., Dckt. No. 1. The complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. (Internal Revenue Code) §§ 7402 and 7403. *Id.* ¶ 3. Venue is proper in this district pursuant to 28 U.S.C. § 1396 because defendants reside in this judicial district and the Heather Property is located in this district. *Id.* ¶ 4.

The complaint alleges that a duly authorized delegate of the Secretary of Treasury made timely federal income tax assessments against defendants Gary D. Campbell and Debra L. Campbell for tax years 1995, 1996, 1997, 1998, 1999, and 2006. *Id.* ¶ 14. Timely notice of and demand for payment of those assessments has been given to defendants as required by Section 6303 of the Internal Revenue Code. *Id.* ¶ 15. Despite notice and demand for payment of the assessments, defendants have neglected, refused, or failed to pay the tax assessments against them and there remains due and owing to the United States on those assessments the total sum of $559,025.09, plus statutory interest and other statutory additions that continue to accrue as

[2] The County of Nevada Treasurer-Tax Collector was also named as defendant pursuant to the requirements of 26 U.S.C. § 7403(b) because it may claim an interest in the property. However, the United States and the County of Nevada Treasurer-Tax Collector reached a stipulation, agreeing that the County of Nevada's statutory property tax liens are senior to and have priority over the United States' federal tax liens and that if a foreclosure sale is ordered as to the Heather Property, the property will be sold free and clear of all liens of record, and the sale proceeds be distributed according to the relative priority of the county's property tax liens and the federal tax liens. Dckt. No. 9.

provided by law. *Id.* ¶ 16.

The complaint further alleges that defendants are the settlors of the Campbell Living Trust created by a Trust Instrument dated January 21, 2008, that defendants have the right to revoke the Campbell Living Trust in whole or in part at any time, and at all relevant times, defendants remained the trustees of the Campbell Living Trust. *Id.* ¶¶ 18-20. According to the complaint, the Campbell Living Trust holds title to the Heather Property as a nominee, alter ego and/or transferee of defendants. *Id.* ¶ 21. The complaint alleges that pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States against all property or rights to property, whether real or personal, belonging to defendants, as of the dates of the assessments, including the Heather Property. *Id.* ¶ 22. In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien relating to the assessments were duly filed against defendants and against the Campbell Living Trust, as the nominee, alter ego, and/or transferee of defendants, and were recorded at the Nevada County Recorder's Office. *Id.* ¶¶ 23-24. The tax liens arising from the assessments continue to attach to the Heather Property and have priority over all interests in the Heather Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a); therefore pursuant to 28 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Heather Property to enforce its tax liens. *Id.* ¶¶ 25-27.

II. PROCEDURAL HISTORY

Defendants filed an answer on March 10, 2012. Dckt. No. 10. Thereafter, however, defendants engaged in a pattern of failing to respond to discovery requests and failing to comply with court orders, the Federal Rules of Civil Procedure, and this court's Local Rules.

On August 20, 2012, the court granted plaintiff's motion to compel defendants to provide their initial disclosures and responses to plaintiff's discovery requests on or before September 3, 2012. Dckt. No. 20 at 3-4. The court also granted plaintiff's request for discovery sanctions and directed government counsel to submit a declaration regarding his reasonable expenses incurred in making the motion to compel. *Id.* at 4. The August 20, 2012 order admonished defendants

that "failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions and/or the striking of defendants' answer and entry of their default. *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2)." *Id.* Then, on August 27, 2012, after plaintiff's counsel filed a declaration regarding expenses, the court issued an order directing defendants to reimburse the United States in the total amount of $1,656 within fourteen days, or by September 10, 2012. Dckt. No. 22.

Plaintiff's counsel sent a letter to defendants' counsel on August 31, 2012, advising him of the deadline to respond to court ordered discovery requests and to make the $1,656 court ordered payment. Kukso Decl., Dckt. No. 23-1, ¶ 3, Ex. 1; *see also* Dckt. No. 24-2. On August 31, 2012, plaintiff's counsel received an email from defendants' counsel stating that he was mailing the discovery responses that day. *Id.* ¶ 4, Ex. 2. Plaintiff's counsel received an envelope on September 7, 2012 from defendants' counsel (postmarked August 31, 2012), containing defendants' discovery responses, but not their initial disclosures. *Id*. ¶ 5. Therefore, plaintiff's counsel emailed defendants' counsel informing him that the envelope did not contain the initial disclosures. *Id.* ¶ 5, Ex. 3. Plaintiff's counsel then sent a letter to defendants' counsel on September 10, 2012, once again informing him that the envelope did not contain defendants' initial disclosures, requesting that the initial disclosures be provided immediately, and reminding defendants' counsel that the court ordered defendants to pay $1,656. *Id*. ¶ 6, Ex. 4. Another letter was sent on September 18, 2012, requesting that the initial disclosures be provided immediately and informing defendants' counsel that defendants are in violation of the court's August 20 and August 27, 2012 orders. *Id.* ¶ 7, Ex. 5. Plaintiff still did not receive defendants' initial disclosures or the $1,656 payment; therefore, on September 25, 2012, plaintiff filed motions for sanctions and contempt. *Id*. ¶¶ 8, 9.

Defendants then failed to file any response to either of plaintiff's motions. Therefore, on October 18, 2012, the undersigned continued the hearing on the motions and ordered defendants

to respond to both of the motions and to show cause why the motions should not be granted, why their answer should not be stricken and why default judgment should not be entered against them, why they should not be held in contempt of court, and why they should not be required to pay additional monetary sanctions. Dckt. No. 26. The order further provided that "[f]ailure of defendants to respond to this order to show cause or . . . to file an opposition to either motion will be deemed a statement of non-opposition to that motion, and may result in a recommendation that plaintiff's motion(s) be granted, that defendants' answer be stricken and default judgment be entered against them, that they be held in contempt, and/or that defendants be required to pay additional monetary sanctions." *Id.* at 5.

However, those warnings had no effect. Defendants failed to respond to the order to show cause, failed to file a response to the motions, and failed to appear at the November 14, 2012 hearing on plaintiff's motions. Therefore, on November 28, 2013, the undersigned issued an order and findings and recommendations, recommending that plaintiff's motion for sanctions be granted and plaintiff's contempt motion be denied; that the answers filed by Gary Campbell and Debra Campbell be stricken; that the Clerk be directed to enter default against Gary Campbell and Debra Campbell pursuant to Federal Rule of Civil Procedure 55(a); that defendants Gary Campbell and Debra Campbell be required to reimburse plaintiff's counsel for the reasonable expenses incurred in connection with the motion for sanctions; and that plaintiff be ordered to file a motion for entry of default judgment within 14 days of the clerk's entry of the defendant's default. Dckt. No. 29. Defendants did not file any objection to the findings and recommendations, which were adopted in full on January 23, 2013. Dckt. No. 31. As a result, defendants' answers were stricken, the clerk of court was instructed to enter default against defendants, and defendants were ordered to reimburse plaintiff's counsel for the reasonable expenses incurred in connection with the motion for sanctions in the amount of $1674.00 within thirty days. *Id.* That same day, the clerk of court entered defendants' default, as instructed in the district judge's order. Dckt. No. 32.

On March 22, 2013, plaintiff filed an initial motion for default judgment and served that motion on defendants' counsel electronically. Dckt. No. 35. Defendants did not file anything in response to the motion and did not appear at the May 8, 2013 hearing thereon. Dckt. No. 38. Nonetheless, after the court raised questions at the May 8 hearing regarding plaintiff's counsel's communications with defendants' counsel at counsel's email address of record and concerns that defendants' counsel may not be receiving emails at that email address, plaintiff's counsel agreed to re-serve the motion for default judgment on defendants' counsel via U.S. mail. The court also raised some questions regarding the substance of the default judgment motion; therefore, plaintiff's counsel indicated that he would revise the motion to address those questions. Accordingly, on May 9, 2013, the court issued an order stating that plaintiff's revised motion for default judgment would be heard on June 26, 2013, and directed plaintiff to file and mail serve on defendants a revised motion for default judgment on or before May 29, 2013. The order provided that pursuant to Local Rules 230(c) and (d), any opposition to the motion was to be filed on or before June 12, 2013 and any reply was to be filed on or before June 19, 2013. Dckt. No. 39.

On May 29, 2012, plaintiff's counsel filed a revised motion for default judgment and served defendants' counsel with that motion via email and U.S. mail. Dckt. No. 40-3. However, defendants did not file any response to the motion and did not appear at the June 26, 2013 hearing thereon.

## III. REQUESTED JUDGMENT

The United States now requests that the court enter a default judgment as follows:

(1) that as of March 1, 2013, defendants Gary and Debra Campbell are indebted to the United States in the amount of $ 583,319.96, plus accrued statutory interest and additions under 26 U.S.C. §§ 6601, 6621, compounded daily as required by 26 U.S.C. § 6622, less any payments or credits, until paid in full, for the unpaid balance of Federal Income Tax for tax years 1995, 1996, 1997, 1998, 1999, and 2006;

(2) that the United States has valid federal tax liens which attach to all property and rights to property of Gary and Debra Campbell, both real and personal, tangible and intangible, including their interest in the real property commonly known as 10774 Heather Rd., Truckee, CA;

(3) that the Campbell Living Trust is a self-settled trust, that its spendthrift provision is not enforceable under California Law, and that to extent the Campbell Living Trust has any interest in real property at issue, the United States' federal tax lien attaches to that interest;

(4) that the United States' tax lien encumbering the real property at issue be foreclosed;

(5) that within 21 days of the order granting default judgment against defendants, the United States submit to the Court a proposed Order of Foreclosure and Decree of Sale setting forth the terms and conditions of sale; and

(6) that Defendants Gary and Debra Campbell are indebted to the United States in the additional amount of $3,326 which they were required to pay by the Court's orders dated August 27, 2012 and January 22, 2013.

## IV. DISCUSSION

### A. Discovery Sanctions

Federal Rule of Civil Procedure 37(b) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including an order "striking pleadings in whole or in part[,] rendering a default judgment against the disobedient party[, and/or] treating as contempt of court the failure to obey any order . . . ." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi), (vii). Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.

The drastic terminating sanction of entry of default judgment against a defendant is "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad

faith, or fault of the party.'" *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). This standard is met by "[d]isobedient conduct not shown to be outside the litigant's control." *Id.*

The Ninth Circuit has developed a five part test to evaluate whether a terminating sanction under Rule 37 is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). The third and fifth factors, prejudice and availability of less drastic sanctions, are the decisive factors. *Id.* The fifth factor, the availability of less drastic sanctions, "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id*. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Id.*

Additionally, sanctions pursuant to a court's inherent authority are appropriate upon a finding of "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). The appropriateness of a terminating sanction, such as entry of default judgment against a defendant, is subject to much the same considerations as those under Rule 37. *See Halaco Engineering Co. v. Costle*, 843 F.2d 376, 380 (9th Cir.1988). Before ordering a terminating sanction, a district court must determine: (1) the existence of certain extraordinary circumstances; (2) the presence of willfulness, bad faith, or fault by the offending party; (3) the efficacy of lesser sanctions; (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate; (5) the prejudice to the party victim of the misconduct, and (6) the government interests at stake. *Id.*

Entry of default under a court's inherent powers is justified only in extreme circumstances. *Id.* A terminating sanction must be "due to willfulness, fault, or bad faith." *Id.*

This court has already found that terminating sanctions are warranted against defendants due to defendants' repeated failures to comply with this court's orders, the Federal Rules of Civil Procedure, and this court's Local Rules. Dckt. Nos. 29, 31. The court noted that although "terminating sanctions are a drastic measure . . . , such sanctions are warranted here in light of defendants' numerous failures to fully participate in the discovery process and their repeated failures to comply with court orders and this court's local rules despite strong warnings as to the consequences and the attempt to obtain compliance through monetary sanctions." Dckt. No. 29 at 5; *see also* Dckt. No. 31. The order further provided:

> Less drastic measure have had little effect. With regard to the factors discussed above, the public's interest in expeditious resolution of litigation and the court's need to manage its dockets (factors one and two) favor the imposition of terminating sanctions since defendants are electing to only selectively participate in the action and have chosen to ignore numerous court orders requiring that participation. Additionally, the risk of prejudice to plaintiff (factor three) favors terminating sanctions since plaintiff's prosecution of this action is being hindered by defendants' selective participation in the case. Further, the availability of less drastic sanctions (factor five) also favors terminating sanctions because the undersigned has explicitly discussed and tried imposing monetary sanctions and has warned defendants that their failure to respond to the motions and/or to the order to show cause could result in terminating and/or monetary sanctions. However, neither of those less drastic approaches was successful. Instead, defendants elected not to pay the monetary sanctions, elected not to respond to the order to show cause, and elected not to appear at the November 14 hearing. Therefore, the only factor weighing against imposing terminating sanctions is factor four, which considers the public policy favoring disposition of cases on their merits. That factor is strongly not outweighed by the other factors discussed above.

For those reasons, both terminating sanctions and monetary sanctions were issued against Gary and Debra Campbell. Dckt. No. 31.

B. Entitlement to Default Judgment

The United States now moves for default judgment against defendants. Dckt. No. 40. It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this

determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc*., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Additionally, while the factual allegations of the complaint are taken as true upon default, damages are not. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Where damages are liquidated (i.e., capable of ascertainment from definitive figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc*., 722 F.2d 1319, 1323-24 (7th Cir. 1983); *see also James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Here, the *Eitel* factors support default judgment against defendants. Specifically, (1) the United States would be prejudiced absent a default judgment because the United States cannot prosecute the case given defendants' failures to respond to discovery, and defendants have significant outstanding tax liabilities, which affects the public treasury. Additionally, (2) the merits of the United States' substantive claim, (3) the sufficiency of the complaint, and (5) the

possibility of a dispute concerning the material facts all favor entry of default judgment since the complaint sufficiently alleges two causes of action to reduce assessments to judgment and to foreclose the tax lien on the Heather Property, and the factual allegations of the complaint are taken as true on default (plus the tax assessments for all the years at issue are based on self-filed returns, which means that the possibility of a dispute is remote). Further, as discussed above, (6) the default was not due to excusable neglect. Although (4) the sum of money at stake in the action is significant and (7) there is a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, those factors do not preclude entry of default judgment.

C. Entitlement to Relief Sought

1. Judgment that defendants are indebted to the United States for $583,319.96, plus accrued statutory interest and additions

The United States first seeks a judgment that as of March 1, 2013, defendants are indebted to the United States in the amount of $583,319.96, plus accrued statutory interest and additions under 26 U.S.C. §§ 6601, 6621, and 6622, less any payments or credits, until paid in full, for the unpaid balance of Federal Income Tax for tax years 1995, 1996, 1997, 1998, 1999, and 2006. As the United States' revised motion for default judgment notes, the allegations in the complaint concerning defendants' tax liabilities are supported by the record in this case. The federal income tax assessments for the tax years at issue are set forth in the Form 4340, Certificate of Assessments, Payments, and Other Specified Matters. Leibrand Decl. 5; Ex. 1-6. The Forms 4340 constitute a proper means of establishing the facts of the administrative assessment and notice and demand for payment, specifically (1) that the assessments were properly made pursuant to 26 U.S.C. §§ 6201-03; (2) that notices and demand for payment of the liabilities were properly sent as required under 26 U.S.C. §§ 6303(a), 6321; and (3) that defendants are liable for the unpaid balance of taxes, penalties, interest, and other statutory additions shown on the Forms 4340. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir.

1993) ("It is settled in this circuit that [Forms 4340] are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made"); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (Forms 4340 are proof that proper notices are sent); *Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1991). The Forms 4340 submitted with the default judgment motion establish the dates, amounts, and bases for the tax and penalty assessments against defendants. Specifically, the tax liabilities for the years at issue are based on the Individual Income Tax Returns for the tax years that Gary and Debra Campbell filed with the IRS. Leibrand Decl. 5; Ex. 7-12. Therefore, the United States is entitled to the amount sought ($583,319.96) based on a failure to pay as of March 1, 2013. *See* Leibrand Decl. ¶ 15.

The United States also seeks judgment for accrued, but unassessed, interest pursuant to 26 U.S.C. §§ 6601 and 6621(a)(2), and accrued but unassessed failure to pay tax penalties pursuant to 26 U.S.C. § 6651. Pursuant to those statutes, the United States is entitled to both interest and failure to pay penalties. Additionally, until payment is received, interest continues to be compounded daily pursuant to 26 U.S.C. § 6622.

Therefore, the United States is entitled to a default judgment against defendants, jointly and severally, in the amount of $583,319.96, plus accrued statutory interest and additions under 26 U.S.C. §§ 6601, 6621, compounded daily as required by 26 U.S.C. § 6622, less any payments or credits, until paid in full.

2. <u>Judgment that the United States has valid federal tax liens which attach to all property and rights to property of defendants, including their interest in the Heather Property</u>

26 U.S.C. § 7403(a) authorizes the government to file a civil action in a district court "to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." Here, defendants acquired title to the Heather Property by Grant Deed from Morton and Sherlee Juhl, which Grant Deed was recorded on

March 18, 1993, subject to a Deed of Trust with Assignment of Rents in favor of the Juhl Family Trust. Kukso Decl. 3; Ex. 19. On May 25, 1994, defendants recorded a Homestead Declaration regarding the Heather Property. Kukso Decl. 4; Ex. 20. On October 29, 2009, a Grant Deed was recorded by defendants, transferring the Heather Property to the Campbell Living Trust. Kukso Decl. 5; Ex. 21. The Campbell Living Trust was created by a Trust Instrument dated January 21, 2008. Kukso Decl. 6; Ex. 22. On January 15, 2010, a Substitution of Trustee and Full Reconveyance was recorded by Morton S. Juhl, Successor Trustee of the Juhl Family Trust, reconveying all interest in the Heather Property under the March 18, 1993 Deed of Trust to defendants. Kukso Decl. 7; Ex. 23. Defendants have lived in the Heather Property since 1993, paid utilities and taxes on it, and admit that no one except themselves own the house. Kukso Dec. 9; Ex. 25 at 28:15-29:12.

Therefore, the United States is entitled to a judgment that the United States has valid federal tax liens which attach to all property and rights to property of defendants, both real and personal, tangible and intangible, including their interest in the real property commonly known as 10774 Heather Rd. in Truckee, California.

3. Judgment that the Campbell Living Trust is a self-settled trust, that its spendthrift provision is not enforceable under California Law, and that to the extent the Campbell Living Trust has any interest in real property at issue, the United States' federal tax lien attaches to that interest

The United States argues that the tax liens also attach to any interest the Campbell Living Trust may have in the Heather Property. According to the United States, the corpus of the Campbell Living Trust may not include any interest in the Heather Property because the October 29, 2009 Grant Deed [Ex. 22] transferring the Heather Property to the Campbell Living Trust is ineffective. *See Portico Mgmt. Group, LLC v. Harrison*, 202 Cal. App. 4th 464 (2011) (Property transfer to a trust is void under California law); *see also* Miller & Starr, *California Real Estate*, 3d, Section 8:26. Furthermore, pursuant to a January 15, 2010 Substitution of Trustee and Full Reconveyance recorded by Morton S. Juhl, Successor Trustee of the Juhl Family Trust, all

interest in the Heather Property under the March 18, 1993 Deed of Trust was reconveyed to defendants. Ex. 23.

However, the court does not need to determine the effect or validity of the January 15 reconveyance on the corpus of the Campbell Living Trust, because the Campbell Living Trust is a self-settled trust, and is not effective against defendants' creditors. Under California law, a settlor of a spendthrift trust cannot also act as beneficiary of that trust. "California law prohibits self-settled trusts (Prob. C. § 15304(a)) and voids self-settled trusts to prevent individuals from placing their property beyond the reach of their creditors while at the same time still reaping the bounties of such property." *In re Moses*, 167 F.3d 470, 473 (9th Cir. 1999). According to the trust document, and as alleged in the complaint, defendants are the settlors and the trustees of the Campbell Living Trust, and they have the right to revoke the Campbell Living Trust in whole or in part at any time. Ex. 22 at 1. Furthermore, as alleged in the complaint, defendants have lived in the Heather Property since 1993, paid utilities and taxes on it, and admit that no one except themselves owns the house. Ex. 25 at 28:15, 29:12. Because the Campbell Living Trust is a self-settled trust, its spend-thrift provisions are void against defendants' creditors, including the IRS. Therefore, in the event the Campbell Living Trust has any interest in the Heather Property, the United States' federal tax liens attaches to the Heather Property, and the United States is entitled to foreclose its federal tax liens upon the Heather Property, as discussed below.

4. <u>Judgment that the United States' tax lien encumbering the real property at issue be foreclosed</u>

The United States also seeks to foreclose its liens and sell the Heather Property to enforce its tax liens, and provides that within 21 days of the order granting default judgment against defendants, the United States will submit to the court a proposed Order of Foreclosure and Decree of Sale setting forth the terms and conditions of sale. The IRS has been specifically authorized by Congress to collect outstanding federal tax liabilities. 26 U.S.C. §§ 6321, 6322, 6331(a). In *Phillips v. Commissioner*, 283 U.S. 589, 595 (1931), the Supreme Court held that

"[t]he right of the United States to collect its internal revenue by summary administrative proceedings has long been settled." *See also Commissioner v. Shapiro*, 424 U.S. 614 (1976). Under 26 U.S.C. § 7401, the IRS authorizes the Department of Justice to institute proceedings seeking to collect or recover federal taxes. Section 7403(a) authorizes the United States to bring a civil action in district court to enforce a federal tax lien where a taxpayer has refused or neglected to pay any federal tax with respect to any such federal tax lien or to subject any property in which the taxpayer has any right, title, or interest to the payment of such federal tax or liability.

Section 7403(b) requires the United States to name as defendants in any action brought under § 7403(a) all persons who have liens upon or claim an interest in the property involved in any such action. 26 U.S.C. § 7403. Section 7403(c) provides that after all parties have been duly notified of any such action brought under § 7403, the court shall proceed to adjudicate all matters involved in any such action and finally determine the merits of all claims to and liens upon the property. Further, § 7403(c) provides that in all such actions wherein a claim or interest of the United States is established, the court may decree a sale of such property and a distribution of the proceeds of such sale according to the findings of the court as to the interests of the parties and the United States.

In this case, the United States has been authorized to institute this action by the IRS to collect defendants' outstanding federal income tax liabilities for tax years 1995, 1996, 1997, 1998, 1999 and 2006. As part of that collection effort, pursuant to § 7403(a), the United States brought a foreclosure claim with respect to the real property at issue. The United States named all parties who have liens upon or claim an interest in the real property at issue as required by 26 U.S.C. § 7403(b), and entered into a stipulation as to priority with the County of Nevada Treasurer-Tax Collector. Dckt. No. 9. Additionally, the United States requested that the real property at issue be sold to satisfy the outstanding and delinquent federal tax liabilities of defendants and that this court determine the validity and priority of all liens on and other

interests in the real property at issue and order that the proceeds from any judicial sale of such property be distributed accordingly. *Id*. at 7; 26 U.S.C. § 7403(c).

Therefore, the United States is entitled to foreclose the federal tax liens upon the real property at issue and obtain an order of judicial sale of the real property. All of the elements necessary for the Court to order a judicial sale under § 7403 are present. Gary and Debra Campbell refused and neglected to pay their federal income tax liabilities. A duly authorized delegate of the Secretary of the Treasury made assessments against defendants for unpaid federal income taxes, penalties, interest, and other statutory additions arising out of the tax years 1995, 1996, 1997, 1998, 1999 and 2006. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the date of the assessments. These statutory liens attached to all of defendants' property, after-acquired property, or rights to such property, including their interest in the Heather Property. Pursuant to 26 U.S.C. §§ 6321, 6322, and 6323, a duly authorized delegate of the Secretary of Treasury filed Notices of Federal Tax Lien with the Nevada County Recorder, naming Gary D. Campbell, Debra L. Campbell, and the Campbell Living Trust, as the nominee of Gary D. Campbell and Debra L. Campbell. Ex. 24.

At the May 8, 2013 hearing, the court raised the issue of whether the United States needed to show that no reasonable alternative exists for collection of the debt, as provided in 26 U.S.C. § 6334 and 26 C.F.R. § 301.6334-1(d)(1), or whether those statutes do not apply to foreclosure sales that are brought under § 7403(c). The court told plaintiff's counsel to address that issue in the revised motion for default judgment, which counsel has now done. Dckt. No. 40-2 at 10-13. Plaintiff's counsel correctly argues that seizure by a levy and foreclosure of a federal tax lien are two different tools the United States may use to collect delinquent taxes. *See, e.g., United States v. Rogers*, 461 U.S. 577 at 680-83 (1983) (explaining the available tools).

////

////

////

The Government's right to foreclose under 26 U.S.C. § 7403 is an alternative to the Government's power of levy, and does not require the showing that no reasonable alternative for the collection of the taxpayer's debt exists that is necessary when the IRS seeks to levy on a taxpayer's principal residence under 26 U.S.C. § 6334.

Here, the United States is not seeking to levy on defendants' property; instead, this suit seeks to reduce tax assessments to judgment, and to foreclose on tax liens under 26 U.S.C. § 7403. In this suit, unlike in the principal residence levy proceeding, defendants do have an opportunity to contest the tax liability, and the United States does not have to establish that no reasonable alternative for collection of the taxpayer's debt exists, as required under § 6334. *See United States v. Wright*, 1998 WL 990588, at *3 (E.D. Cal., Dec. 29, 1998) ("The provisions of 26 U.S.C. § 6334 merely protect the property from the levy procedure provided by the Internal Revenue Code. That procedure is a summary, non-judicial method for enforcing tax obligations. The section does not provide a general exemption from the tax lien. The IRS may still enforce its lien against the property by judicial foreclosure under 26 U.S.C. § 7403(a). . . . The judgment of foreclosure and decree of sale in the instant action is pursuant to 26 U.S.C. § 7403."); *see also United States v. Bruner*, 2008 WL 5158592, at *1 (W.D. Ark. Dec. 9, 2008) ("The Court concludes that the government is correct in asserting that § 6334 does not apply in a judicial lien foreclosure under § 7403."); *United States v. Cawog*, 2006 WL 1997421, at *2 (W.D. Pa. June 15, 2006) ("this is a civil action filed under 26 U.S.C. § 7403 to enforce a lien; therefore, no exemptions under I.R.C. § 6334 (dealing with exemptions in the event of a seizure of property by levy) apply"); *United States v. Kilgore*, 1994 WL 476459, at *3 (D. Kan. Aug. 5, 1994) ("It is clear from the [Supreme] Court's discussion in *Rodgers* that the § 6334 exemptions come into play when the government seeks to collect delinquent taxes by administrative levy pursuant to 26 U.S.C. § 6331. Therefore, § 6334(a)(13) [regarding personal residences] is not applicable in this judicial enforcement proceeding."). Because this is a lien foreclosure action under § 7403, the procedures mandated under § 6334 and 26 C.F.R. § 301.6334-1(d)(1) are not applicable,

including the requirement that the Government provide evidence that no reasonable alternative for the collection of the taxpayer's debt exists.

Therefore, the United States is entitled to a judgment that the United States' tax lien encumbering the real property at issue be foreclosed, and will be ordered to submit to the court, within 21 days of any order granting default judgment against defendants, a proposed Order of Foreclosure and Decree of Sale setting forth the terms and conditions of sale of the real property.

5. Judgment that defendants are indebted to the United States in the additional amount of $3,326 which they were required to pay by the Court's orders dated August 27, 2012 and January 22, 2013

Plaintiff's counsel states that defendants still have not complied with the Court's orders of August 27, 2012 and January 22, 2013, ordering them to reimburse the United States for the reasonable expenses incurred in making the Motion to Compel and the Motion for Sanctions, in the total amount of $3,326. Kukso Decl. 10. Defendants have filed nothing to dispute that representation. Therefore, the United States is also entitled to a judgment against defendants in the additional amount of $3,326, which they were required to pay by the Court's orders dated August 27, 2012 and January 22, 2013.

V. CONCLUSION

Based on the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. The United States' motion for default judgment against defendants, Dckt. No. 40, be granted;

2. Default judgment be entered in favor of the United States and against defendants Gary and Debra Campbell, as follows:

(a) that as of March 1, 2013, defendants Gary and Debra Campbell are indebted to the United States, jointly and severally, in the amount of $583,319.96, plus accrued statutory interest and additions under 26 U.S.C. §§ 6601, 6621, compounded daily as required by 26 U.S.C. § 6622, less any payments or credits, until paid in full, for the unpaid balance of Federal Income Tax for tax years 1995, 1996, 1997, 1998, 1999, and 2006;

(b) that the United States has valid federal tax liens which attach to all property and rights to property of defendants Gary and Debra Campbell, both real and personal, tangible and intangible, including their interest in the real property commonly known as 10774 Heather Rd., Truckee, CA;

(c) that the Campbell Living Trust is a self-settled trust, that its spendthrift provision is not enforceable under California Law, and that to extent the Campbell Living Trust has any interest in real property at issue, the United States' federal tax lien attaches to that interest;

(d) that the United States' tax lien encumbering the real property at issue be foreclosed, and that within 21 days of any order granting default judgment against defendants, the United States be required to submit to the court a proposed Order of Foreclosure and Decree of Sale setting forth the terms and conditions of sale; and

(e) that defendants Gary and Debra Campbell are indebted to the United States, jointly and severally, in the additional amount of $3,326 which they were required to pay by the Court's orders dated August 27, 2012 and January 22, 2013.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 9, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE