THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA., | ) No. 2:11-CV-02826-MCE-EFB |
| Plaintiff, | ) |
| v. | ) **ORDER OF FORECLOSURE AND** <br> ) **DECREE OF SALE** |
| DEBRA L. CAMPBELL, ET AL., | ) |
| Defendants. | ) |

Pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court enters this Order of Foreclosure and Decree of Sale.

IT IS HEREBY ORDERED THAT:

1. The United States' tax liens against Defendants Gary D. Campbell and Debra L. Campbell arising out of the Internal Revenue Service assessments of Federal income tax liabilities for the tax years 1995, 1996, 1997, 1998, 1999, and 2006 are foreclosed.

///

///

2.  The United States Marshal for the Eastern District of California or his/her representative ("the Marshal"), or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the following real property ("the Property") located at 10774 Heather Rd., Truckee, CA and more particularly described as follows:

> Lot 244 of Prosser Lakeview Estates Unit No.3, as per map filed in the office of the Nevada County Recorder on January 28, 1969, in Book 3 of Subdivisions, at Page 19.

3.  The United States may choose either the Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale. The Marshal or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

4.  The terms and conditions of the sale shall be:

    a.  the sale of the Property shall be free and clear of the interests of Gary D. Campbell, Debra L. Campbell, Campbell Living Trust, and Nevada County Treasurer-Tax Collector;

    b.  the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

    c.  the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

    d.  the date and time for sale are to be announced by the Marshal or a PALS representative;

e.     notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Nevada County, and, at the discretion of the Marshal a PALS, by any other notice deemed appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f.     the minimum bid will be set by the Internal Revenue Service for the Property. If the minimum bid is not met or exceeded, the Marshal or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

g.     the successful bidder for the Property shall be required to deposit at the time of the same with the Marshal or a PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal or a PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h.     the balance of the purchase price for the Property is to be paid to the Marshal or a PALS (whichever person is conducting the sale) within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income

|   |   |   |
|---|---|---|
| 1 |   | tax liabilities of Gary D. Campbell and Debra L. Campbell at issue herein. |
| 2 |   | The Property shall be again offered for sale under the terms and conditions of |
| 3 |   | this order of sale, or, in the alternative, sold to the second highest bidder. The |
| 4 |   | United States may bid as a credit against its judgment without tender of cash; |
| 5 | i. | the sale of the Property shall be subject to confirmation by this Court. The |
| 6 |   | Marshal or a PALS shall file a report of sale with the Court, together with a |
| 7 |   | proposed order of confirmation of sale, within thirty (30) days from the date |
| 8 |   | of receipt of the balance of the purchase price; |
| 9 | j. | on confirmation of the sale, the Marshal or PALS shall execute and deliver a |
| 10 |   | deed of judicial sale conveying the Property to the purchaser; |
| 11 | k. | on confirmation of the sale, all interests in, liens against, or claims to, the |
| 12 |   | Property that are held or asserted by all parties to this action are discharged |
| 13 |   | and extinguished; |
| 14 | l. | on confirmation of the sale, the Clerk-Recorder of Nevada County, California, |
| 15 |   | shall cause transfer of the Property to be reflected upon that county's register |
| 16 |   | of title; and |
| 17 | m. | the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of |
| 18 |   | redemption. |
| 19 | 5. | Until the Property is sold, of Gary D. Campbell and Debra L. Campbell shall take |
| 20 |   | all reasonable steps necessary to preserve the Property (including all buildings, |
| 21 |   | improvements, fixtures and appurtenances on the property) in its current condition |
| 22 |   | including, without limitation, maintaining a fire and casualty insurance policy. They |
| 23 |   | shall neither commit waste against the Property nor cause or permit anyone else to |
| 24 |   | do so. They shall neither do anything that tends to reduce the value or marketability |
| 25 |   | of the Property nor cause or permit anyone else to do so. They shall not record any |
| 26 |   | instruments, publish any notice, or take any other action (such as running |
| 27 |   | newspaper advertisements or posting signs) that may directly or indirectly tend to |

- 4 -

adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

6. All persons occupying the Property shall leave and vacate the Property permanently within thirty days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Property is being conducted by a PALS. Specifically, the Marshal is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Gary D. Campbell and Debra L. Campbell, and any occupants. To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the Internal Revenue Service, or its designee. No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

7. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States

Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

8. The proceeds arising from sale are to be paid to the Clerk of this Court and applied as determined by the Court upon a motion by the government for confirmation and distribution of proceeds.

IT IS SO ORDERED.

Date: August 27, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT